## 11.  NOTE TO CDC STAFF: RECOMMENDATIONS AND REQUESTS

☐  3.  the panel's belief that the prisoner's current mental health is an important issue.  In the new full evaluation, the panel requests that the clinician specifically address the following:

    ☒  a.  the prisoner's violence potential in the free community;

    ☒  b.  the significance of alcohol/drugs as it relates to the commitment offense and an estimate of the prisoner's ability to refrain from use/abuse of same when released;

    ☒  c.  the prisoner's psycho-sexual problems;

    ☒  d.  the extent to which the prisoner has explored the commitment offense and come to terms with the underlying causes;

    ☒  e.  the need for further therapy programs while incarcerated.

    ☐  f.  other:  _Request a New psy Report,_
    _1-23-03_

☐  4.  the panel's belief that the prisoner has deteriorated psychologically and there appears to be a need for treatment.  The panel bases this conclusion upon

_____

_____

_____

☐  B.  (Other requests to CDC staff): _____

_____

_____

171

BOARD OF PRISON TERMS
LIFE PRISONER HEARING – EXTRAORDINARY ACTION AND DECISION

STATE OF CALIFORNIA
BPT 1001A (Rev. 10/89)

☐ I certify to the best of my knowledge and information, the foregoing reasons as stated by the prisoner are accurate, and that the prisoner was capable of making a knowledgeable decision regarding his/her hearing.

The following information is submitted for the Board's consideration in making their decision:

_____

_____

_____

_____

| C/PR Signature | Date |
|---|---|
| | |

*FOR BOARD OF PRISON TERMS USE ONLY*

## DECISION / ORDER

### WAIVER OF RIGHT TO ATTEND HEARING

1. ☐ Request is denied.

   ☐ Request is granted. Hearing will be conducted in absence of prisoner.

### POSTPONEMENT

2. ☐ Request is denied.

   ☐ Request is granted. Grant based on a finding of good cause. Place on _____ calendar.

### WAIVER OF HEARING AND STIPULATION TO UNSUITABILITY

3. ☐ Request is denied.

   ☒ Request is granted. The Board agrees to enter into the stipulation, on a finding of good cause, offered by the prisoner on the waiver of his/her Life Parole Consideration Hearing and orders a:

   ☒ One-year denial    ☐ Two-year denial*    ☐ Three-year denial**

\* The Board must find it unreasonable to expect that the prisoner would be eligible for parole during the second, or second and third year, and the Board must state the reasons for its finding.

\*\* In addition to the above (\*), the prisoner must have been convicted of more than one offense which involves the taking of a life.

(The basis of the finding of good cause for postponement or multiple-year denial must be stated below.)

   ☒ Good cause based on the reasons given by the prisoner ↗ *attorney*

Other comments (if applicable): _____

_____

_____

Signature of BPT Commissioners

1. _____    Date 1-23-03

2. _____    Date

BPT Action Taken At:    ☐ BPT Headquarters    ☒ Institution

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | DATE |
|---|---|---|---|---|
| PATTERSON | E-88649 | CTF | 1-03 | 1-22-03 |
| | | | 172 | |

LIFE PRISONER: PAROLE CONSIDERATION
PROPOSED DECISION (BPT §2041)

I.  ☒  PAROLE DENIED    2 yr

If this proposed decision denying parole is approved, the Board will send you a copy of the approved decision, including the reasons for denial of parole, within 30 days of the hearing.

II.  [ ]  PAROLE GRANTED

A.  Base Period of Confinement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ Months

      _____  _____  _____
      Case No.        Count No.        Offense

B.  Firearm Enhancement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+ _____ Months

C.  Other Crimes Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+ _____ Months

      _____  _____  _____  ____ mos.
      Case No.        Count No.        Offense

      _____  _____  _____  ____ mos.
      Case No.        Count No.        Offense

      _____  _____  _____  ____ mos.
      Case No.        Count No.        Offense

D.  Total Term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .= _____ Months

E.  Postconviction Credit From _____ To _____ – _____ Months
                            (Date)               (Date)

F.  Total Period of Confinement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ Months

The period of confinement indicated is a tentative decision proposed by this panel. The decision will be reviewed pursuant to BPT §2041, and, if approved, a copy of the approved decision will be sent to you within 30 days. At that time appropriate pre-prison credits will be applied and a parole release date computed.

You will not engage in any conduct specified in BPT §2451. Such conduct may result in rescission or postponement of your parole date.

If the proposed decision denying or granting parole is disapproved, you will receive a copy of the proposed decision and the reasons for disapproval. You will then receive a copy of the modified decision or will be scheduled for a new hearing, as appropriate.

PANEL HEARING CASE

| | |
|---|---|
| Susan Fisher | Date 7/ |
| Pat Han | Date /20/ |
| | Date /04 |

PATTERSON, Tony      CDC NUMBER E88649      INSTITUTION CTF      HEARING DATE 7/20/04

Distribution: White—C. File,
Canary—BPT

173

[ ] PAROLE GRANTED - (YES)
   CDC:  Do not release prisoner before
      Governor's review

[X] PAROLE DENIED - (NO) — *2 years
need addendum to psych to address
whether the I/m has any continuing "obsession" with the victim.
This issue was raised*

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR:_____ YEAR(S) *at an earlier BPT hearin*

[ ] HEARING POSTPONED/REASON:_____

---

**Records Use Only**

Parole Release Date _____

|   | YR | MO | DAY |
|---|----|----|-----|

Attach Prison Calculation Sheet

---

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**

[X] No more 115's or 128A's        [X] Stay discipline free
[ ] Work to reduce custody level    [ ] Learn a trade*          [ ] Earn positive chronos
[X] Get self-help* *Continue*        [ ] Get therapy*           [ ] Get a GED*
    *program*

[ ] Recommend transfer to _____
[ ] Other _____

   *These programs are recommended if they are offered at your prison and you are eligible/able to participate.

---

Penal Code 3042 Notices        [ X ] Sent  Date: *5/26/04*

---

| Commitment Offense(s) | | | |
|---|---|---|---|
| PC 187/664A | | ATT. MURDER 1ST | |
| Code(s) | | Crime(s) | |
| C79650 | | 1 | |
| Case #(s) | | Count #(s) | |

| Date Inmate Came to CDC | Date Life Term Began | Minimum Eligible Parole Date |
|---|---|---|
| 3/14/91 | | 8/26/96 |

[ ] Initial Hearing        [ X ] Subsequent (Hearing No.) 5        Date of Last Hearing

CDC Representative _____
Attorney for Prisoner _____    Address _____
D.A. Representative _____    County _____

This form and the Board's decision at the end of the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed.

Chair *Susan Fisher*        Date *7/22/04*
Panel Member *Rut Lou*      Date
Panel Member _____    Date

NAME *PATTERSON, JODY*    CDC # *E88649*    PRISON *CTF*    CALENDAR *7/04*    DATE

PT 1001 (REV. 08/03)

*174*

# EXHIBIT "H"

NAME and NUMBER     **PATTERSON, JODY     E88649**     **CFGWT3000000349L**          CDC 128-B (Rev. 4/74)

1-23-07 CC

On ___~~1-12-07~~___ I, Inmate **PATTERSON**, CDC# **E88649**, received hearing transcripts from
        (DATE)

the Board of Parole Hearings hearing that took place **8/2/2006**.


*Jody Patterson* 1-23-07 .
Inmate Signature

C E Elliott CCI
Staff Member Signature


**CTF**                     **INMATE COPY**                     **GENERAL CHRONO**


Exhibit H                                    176l

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
#### (C.C.P. §§ 1013(A), 2015,5)

I, _Jody Dion Patterson_____, declare:

I am over 18 years of age and I am party to this action.  I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California.  My prison address is:

_Jody D. Patterson_, CDCR #: _E-88649_____
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _G-349L_____
SOLEDAD, CA  93960-0689.

On _February 13, 2007_, I served the attached:

_Petition For Writ of Habeas Corpus with memorandum_
_of Points and Authorities And Exhibits marked A-H_

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined.  The envelope was addressed as follows:

① CALIFORNIA ATTORNEY GENERAL
110 WEST A STREET, SUITE 1100
P.O. BOX 85266
SAN DIEGO, CA. 92186-5266

② ORANGE COUNTY DISTRICT ATTORNEY
700 CIVIC CENTER DRIVE W. #A200
SANTA ANA, CA. 92701.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _2-13-07_____.

_Jody D. Patterson_
_Jody D. Patterson_
Declarant

177.

G038678
Patterson v. Orange County Superior Court et al.


Superior Court of Orange County

Appellate Defender's, Inc.
District Attorney
Department of Corrections


Jody Dion Patterson
CDC:E-88649
G-252 L
P.O. Box 689
Soledad, CA 93960-0689


Orange County Superior Court
Hon. Kazuharu Makino, Dept. 5
700 Civic Center Drive West
Santa Ana, CA 92702


Office Of The State Attorney General
P O Box 85266
San Diego, CA 92186-5266


Writs & Appeal
Office Of The District Attorney
401 Civic Center Drive West
Santa Ana, CA 92701

# EXHIBIT "I"

SUPERIOR COURT THE STATE OF CALIFORNIA COUNTY OF ORANGE

# MINUTE ORDER

**Case Number**   M-11219 X A

## People Vs Patterson, Jody Dion

| | Report Request Criteria | |
|---|---|---|
| 1. Docket Date Range | : Date filter | |
| 2. Sequnce Number Range | : Sequence filter | |
| 3. Docket Category | : Category filter | |

| Docket Dt | Seq | Text |
|---|---|---|
| 3/22/2007 | 1 | **Hearing held on 03/22/2007 at 09:00 AM in Department C5 for Chambers Work.** |
| | 2 | Officiating Judge: David Hoffer, Judge |
| | 3 | Clerk: L. Torres |
| | 4 | No Court Reporter present at proceedings. |
| | 5 | No appearances. |
| | 6 | Order denying Writ of Habeas Corpus filed. |
| | 7 | Petition for Writ of Habeas Corpus is denied for the reasons stated in the order denying writ filed 02/20/2007. |
| | 8 | As ordered, the clerk this date has mailed a copy of this minute order to the Petitioner at JODY DION PATTERSON CDC #E-88649 CORRECTIONAL TRAINING FACILITY P.O. BOX 689 SOLEDAD, CA 93960-0689. |
| | 9 | The clerk this date has forwarded a copy of this minute order to Orange County District Attorney's Office. |

2/8    179

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 22 2007

ALAN SLATER, Clerk of the Court

BY: _____, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| In re JODY DION PATTERSON, ) | Orange County Superior Court |
| ) | Case Number: M-11219 |
| Petitioner, ) | (C-79650) |
| ) | |
| ON HABEAS CORPUS ) | **ORDER DENYING** |
| ) | **HABEAS CORPUS** |

**TO THE OFFICE OF THE ORANGE COUNTY DISTRICT ATTORNEY AND PETITIONER:**

HAVING REVIEWED THE ABOVE CAPTIONED PETITION FOR WRIT OF HABEAS CORPUS, THE COURT MAKES THE FOLLOWING ORDER:

I.

Petitioner is serving an indeterminate term of life in state prison with the possibility of parole following his 1991 conviction for attempted first degree murder [Pen. Code, § 664/§ 187] committed through the personal use of a firearm [Pen. Code, § 12022.5(a)] and resulting in the infliction of great bodily injury [Pen. Code, § 12022.7].

On August 2, 2006, the California Board of Parole Hearings found petitioner unsuitable for parole following a subsequent parole consideration hearing. The Board determined that:

A.     The commitment offense was carried out for a very trivial motive and in an especially cruel, dispassionate, and calculated manner demonstrating an exceptionally callous disregard for human suffering;

B.     Petitioner has a record of institutional misconduct; and

1

3/8

180

1

      C.     Opposition to parole was expressed by the Orange County District

2

           Attorney's Office.

3

4

                    II.

5

     Petitioner challenges the decision rendered by the Board of Parole Hearings

6

claiming:

7

1.     The decision violated his liberty interest in parole and right to due process since it

8

      is devoid of evidentiary support and is improperly based solely on the

9

10

      commitment offense.

11

2.     There is no reliable relationship between the identified unsuitability factors relied

12

      upon by the Board and petitioner's current risk of danger if released on parole.

13

3.     Petitioner should be paroled since he did not commit murder and has already

14

      served the minimum term for his offense.

15

16

                  III.

17

     The petition does not establish a prima facie case for relief on habeas corpus.

18

The record contains evidentiary support for each of the Board's three findings and

19

refutes petitioner's claim that the Board relied solely on the commitment offense to find

20

him unsuitable for parole.  The circumstances of the commitment offense justify the

21

Board's characterization of the same as a cruel, calculated, and premeditated act

22

carried out with an exceptionally callous disregard for human suffering.  (See, Pen.

23

24

Code, § 3041(b); Cal. Code of Regs., tit. 15, § 2402(b) and (c)(1)(B)(D)(E).)

25

     Petitioner and the victim had a verbal argument concerning petitioner's job

26

performance one day in early February 1990.  As a result, petitioner was transferred to

27

a new job assignment and eventually was laid off.  On February 28, 1990, petitioner,

28

4/8

182

while lying in wait, intentionally shot at the victim with a high powered rifle as the unarmed and unsuspecting victim came to a stop in his vehicle near an intersection. The first bullet shattered the passenger side window. The second bullet struck the victim in the arm and chest area. The victim required surgery to remove imbedded bullet fragments. Petitioner was under the influence of controlled substances at the time of the offense and had exhibited stalking-type behavior towards the victim in the days immediately preceding the day of the offense.

The Board also relied on petitioner's record of institutional misconduct as reflected in the record. Since 1992, petitioner has been cited three times for major violations consisting of gambling (1992), refusal to work (2002), and refusal to obey orders (2004). Petitioner has also been cited three times for minor violations consisting of failing to report to work (1991, 2001) and talking during count (1996). While it is true that none of the incidents at issue involved violence, petitioner's pattern of institutional misconduct is rationally related to a causative factor of petitioner's offense and supports the Board's lingering concern about petitioner's ability to abide by the law and societal norms if released on parole. (See, Cal. Code of Regs., tit. 15, § 2402(b).)

No abuse of discretion is evident in the Board's decision to cite the Orange County District Attorney's opposition to petitioner's release on parole as a basis for its determination. The Board is statutorily required to consider the views of the People's representative when evaluating the parole suitability of a particular inmate. (See, Pen. Code § 3041.7; § 3046(c).)

The record adequately refutes petitioner's contention that the Board did not recognize his remorse or consider the bearing his age might have on his suitability for

5/8

183

parole. During the hearing, petitioner expressed remorse for his crime. The Board commended petitioner for being very frank during the hearing and recognized petitioner for his favorable institutional record consisting of extensive programming over 16 years of imprisonment, supportive evaluations and psychological assessment, and viable parole plans. Despite these positive factors, the Board concluded that such factors did not outweigh those circumstances establishing unsuitability for release on parole. The record reflects proper consideration of petitioner's eligibility for parole and a proper evidentiary foundation for the Board's decision. No abuse of discretion is established.

In reviewing a parole suitability determination made by the Board of Parole Hearings, a court views the record in the light most favorable to that determination. (See, *In re Morrall* (2002) 102 Cal.App.4th 280, 301.)

Courts may review the factual basis of a decision of the Board denying parole in order to ensure that the decision complies with due process of law. However, courts may only inquire whether some evidence in the record before the Board supports the decision to deny parole, based upon the factors specified by statute and regulation. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 658.)

The precise manner in which the specified factors relevant to parole suitability are considered and balanced lies within the discretion of the Board of Parole Hearings, but the decision must reflect an individualized consideration of the specified criteria and cannot be arbitrary or capricious. It is irrelevant that a court might determine that the evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole. As long as the decision reflects due consideration of the specified factors as applied to the individual prisoner in accordance

6/8

184

with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the decision. (*In re Rosenkrantz, supra*, 29 Cal.4th at 677.)

IV.

Petitioner next argues that there is no reliable nexus between the factors cited by the Board and petitioner's current risk assessment as reflected, for example, in his institutional record and psychological assessment.

Petitioner's contention is without merit. Though petitioner committed the offense over seventeen years ago, the temporal gap between the offense and the question of parole suitability is bridged by petitioner's institutional record of misconduct. Most of the instances of misconduct for which petitioner has been disciplined over the years reflect a potential problem with authority that bears an unsettling resemblance to the argument that ultimately was a factor in petitioner's attempted premeditated murder of the victim. Under these circumstances, it cannot be said that the Board's decision was arbitrary and capricious.

"The Board has very broad discretion to identify and weigh the factors relevant to predicting by subjective analysis whether the inmate will be able to live in society without committing additional antisocial acts." (*In re Fuentes* (2005) 135 Cal.App.4th 152, 160.)

V.

Equally without merit is petitioner's contention that he is entitled to parole release since he does not stand convicted of murder and has completed the minimum term of imprisonment prescribed for his offense. An indeterminate sentence is in legal effect a

5

7/8

185

1  sentence for the maximum term of life (*People v. Dyer* (1969) 269 Cal.App.2d 209,

2  214.) unless an inmate is found suitable for parole at an earlier point in time.  The Board

3  of Parole Hearings, "exercising its traditional broad discretion, may protect public safety

4

5  *in each discrete case* by considering the dangerous implications of a life-maximum

6  prisoner's crime individually."  The Board is not required to engage in comparative

7  analysis before concluding that the particular facts of the offense make it unsafe, at that

8  time, to fix a date for the prisoner's release.  (*In re Dannenberg* (2005) 34 Cal.4th 1061,

9  1071.)

10

11                                            VI.

12        No prima facie case for relief is established.  An order to show cause will issue

13  only if petitioner has established a prima facie case for relief on habeas corpus.

14  (*People v. Romero* (1994) 8 Cal.4th 728, 737; *In re Clark* (1993) 5 Cal.4th 750, 769, fn.

15  9.)

16

17        The petition for writ of habeas corpus is DENIED.

18

19

20  Dated: 3/22/07                                                     Judge of the Superior Court

21

22

23

24

25

26

27

28

8/8

186

# EXHIBIT "J"

187

3. Did you have any of the following?

    Arraignment:                                Yes $\times$      No _____

    Preliminary Hearing:             Yes $\times$      No _____

    Motion to Suppress:             Yes _____     No $\times$

4. How did you plead?

    Guilty _____     Not Guilty $\times$     Nolo Contendere _____

    Any other plea (specify) _No._____

5. If you went to trial, what kind of trial did you have?

    Jury $\times$     Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?          Yes _____   No _____

7. Did you have an attorney at the following proceedings:

    (a)   Arraignment            Yes _____   No _____

    (b)   Preliminary hearing     Yes _____   No _____

    (c)   Time of plea            Yes _____   No _____

    (d)   Trial                   Yes _____   No _____

    (e)   Sentencing              Yes _____   No _____

    (f)   Appeal                 Yes _____   No _____

    (g)   Other post-conviction proceeding  Yes _____   No _____

8. Did you appeal your conviction?     Yes $\times$   No _____

    (a)   If you did, to what court(s) did you appeal?

         Court of Appeal         Yes $\times$   No _____

         Year: _Unknown_   Result: _AFFIRMED_____

         Supreme Court of California  Yes $\times$   No _____

         Year: _Unknown_   Result: _Unknown_____

         Any other court        Yes _____   No $\times$

         Year: _____   Result:_____

    (b)   If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS     - 3 -

EXHIBIT "K"

189

SEPTEMBER 10, 2007

TO: CALIFORNIA SUPREME COURT
350 MCALLISTER STREET
SAN FRANCISCO, CA. 94102-7303
ATTN: CLERK OF THE COURT

From: Jody D. PATTERSON, E-88649
P.O. Box 689, G-252
SOLEDAD, CA. 93960-0689

RE: PETITION FOR REVIEW - NO. S153530 - FILED JUNE 18, 2007.

TO WHOM IT MAY CONCERN - CLERK OF THE COURT;
ON JUNE 18, 2007 I FILE A PETITION FOR REVIEW
WITH THIS COURT. AS OF THIS DATE I HAVE NOT
RECIEVED A RESPONSE NOR AN EXTENTION OF TIME.
I AM CONCERNED THAT SAID RESPONSE WAS LOST IN
THE MAIL OR NOT FORWARDED TO ME BY CORRECTIONS
MAIL ROOM STAFF.
PLEASE ADVISE ME IF THIS MAY BE THE CASE.

THANK YOU.

RECEIVED
SEP 12 2007
CLERK SUPREME COURT

SINCERELY,

Jody D. PATTERSON

190

| | |
|---|---|
| **Case Number:** | S153530 |
| **Current Status:** | closed |
| **Case Title:** | PATTERSON (JODY DION) ON H.C. |
| **Start Date:** | 06/18/2007 |
| **Case Category:** | Review - Habeas (criminal) |

## Court of Appeals Case Information

**Lead CA Case**
G038678                CA Summary Judgement            Disposed:06/07/2007

## Lower Court Case Information

M11219              Orange County Superior Court - Main        Hoffer (David A.)

## Party Information

DEPARTMENT OF CORRECTIONS &
REHABILITATION
  Non-Title Respondent


JODY DION PATTERSON
  Petitioner
  P.O. Box 689
  Soledad, CA 93960-0689

## Attorneys

ATTORNEY GENERAL - SAN DIEGO OFFICE

  Lead Attorney
  P.O. Box 85266
  San Diego, CA 92186-5266
  [None]

## Docket Events

| Date | Event |
|---|---|
| 06/18/2007 | Petition for review filed |
| | Petitioner, Jody Dion Patterson, in pro se. |
| 06/18/2007 | Record requested |
| 06/20/2007 | Received Court of Appeal record |
| | file jacket/briefs |
| 08/08/2007 | Petition for review denied |

RECEIVED
9-17-07

191



UNITED STATES POSTAGE
PITNEY BOWES
02 1M8 $ 00.41⁰
0004222782   SEP 12 2007
MAILED FROM ZIP CODE 94102

JODY D. PATTERSON, E-88649
P.O. BOX 689, G-252L
Soledad, CA 93960-0689

93960068900

SUPREME COURT OF CALIF.
OFFICE OF THE CLERK
350 McAllister St., Rm 1295
San Francisco, CA 94102-4797

Recieved
a-11-07

192

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, ___Jody Dion Patterson (#E-88649_____, declare:

I am over 18 years of age and a party to this action. I am a resident of _Correctional Training

Facility-Central_____Prison,

in the county of _Monterrey_____,

State of California. My prison address is: _P.O. Box 689, GW-252L,_____,

_____Soledad, Calif. 93960-0689_____.

On_____,

(DATE)

I served the attached: _Petition For Writ Of Habeas Corpus, With Exhibits Marked,_

_"A" Through "K"._____

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

```
California Attorney General's Office
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, CA. 92186-5266
```

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _10-25-07_

(DATE)

(DECLARANT'S SIGNATURE)

Jody Dion Patterson E-88649
(In Pro Per)

193