| | |
|---|---|
| JODY D. PATTERSON, | No. C 07-5579 RMW (PR) |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | (Docket No. 2) |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. Petitioner challenges the Board of Prison Terms' ("Board") decision denying him parole at his August 2, 2006 parole suitability hearing. The court will GRANT petitioner's motion to proceed in forma pauperis (docket no. 2) and order respondent to show cause as to why the petition should not be granted.

**STATEMENT**

In 1991, petitioner was sentenced to seven years-to-life in prison after his conviction in Orange County Superior Court for attempted murder (Cal. Penal Code §§ 664(a), 187). Petitioner challenges the Board of Prison Terms' denial of parole after his August 2006 parole suitability hearing. Petitioner filed a state habeas petition with the superior court, which was denied on March 22, 2007. See Petition, Exhibit I. Petitioner filed a state habeas petition with

1  the state appellate court, which was denied on June 7, 2007.  Petitioner then filed a state habeas
2  petition with the state supreme court, which was summarily denied on August 8, 2007.
3  Petitioner filed the instant federal habeas petition on November 1, 2007.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.   Petitioner's Claims

As grounds for federal habeas relief, petitioner alleges five claims relating to the Board's decision denying parole in violation of petitioner's federally protected right to due process guaranteed by the Fifth and Fourteenth Amendments.  Liberally construed, petitioner's allegations are sufficient to require a response.

**CONCLUSION**

1.   Petitioner's motion to proceed in forma pauperis (docket no. 2) is GRANTED.

2.   The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3.   Respondent shall file with the court and serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

1 parole record that have been transcribed previously and that are relevant to a determination of
2 the issues presented by the petition.

3 If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
4 court and serving it on respondent within **thirty days** of his receipt of the answer.

5 4. Respondent may file a motion to dismiss on procedural grounds in lieu of an
6 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
7 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on
8 respondent an opposition or statement of non-opposition within **thirty days** of receipt of the
9 motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen**
10 **days** of receipt of any opposition.

11 5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that
12 all communications with the court must be served on respondent by mailing a true copy of the
13 document to respondent's counsel. Petitioner must keep the court and all parties informed of any
14 change of address by filing a separate paper captioned "Notice of Change of Address." He must
15 comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal
16 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

17 IT IS SO ORDERED.

18 DATED: 2/11/08        *Ronald M. Whyte*
                         RONALD M. WHYTE
19                       United States District Judge

This is to certify that on ___2/12/08___, a copy of this ruling was mailed to the following:

Jody D. Patterson
E-88649/ GW-252-L
CTF
P.O. Box 689
Soledad, CA 93960-0689