1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*E-FILED - 10/16/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JODY D. PATTERSON, | ) | No. C 07-5579 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING STAY |
| | ) | PENDING ISSUANCE OF |
| vs. | ) | MANDATE IN HAYWARD; |
| | ) | SETTING FURTHER BRIEFING |
| | ) | SCHEDULE |
| BEN CURRY, Warden, | ) | |
| | ) | (Docket No. 7) |
| Respondent. | ) | |
| | ) | |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the Board of Parole Hearings' decision to deny petitioner parole.  On February 12, 2008, the court ordered respondent to show cause why the petition should not be granted based on petitioner's cognizable claims.  Respondent filed a motion to stay this case indefinitely, pending the issuance of a decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir.), reh'g en banc granted, 527 F.3d 797 (9th Cir. 2008).

Respondent asserts that a stay is warranted on basis of judicial economy because Hayward "may" decide various issues applicable to this case.  It is an abuse of discretion for a district court to stay a habeas petition indefinitely pending resolution of a different case involving parallel issues on the basis of judicial economy and to prevent an intra-district split in decisions.  Yong v. INS, 208 F.3d 1116, 1120-22 (9th Cir. 2000).

Order Denying Stay Pending Issuance of Mandate in Hayward; Setting Further Briefing Schedule
P:\PRO-SE\SJ.Rmw\HC.07\Patterson579denstay-hayward1.wpd

1     Oral argument was heard in Hayward on June 24, 2008.  Subsequently, on July 10, 2008,

2  Ninth Circuit Chief Judge Alex Kozinski directed the parties to file supplemental briefing by

3  July 18, 2008 in light of "the Court's decision to rehear this case en banc pursuant to Circuit

4  Rule 35-3, and the discussion and apparent non-objection of the parties at oral argument that [the

5  Court] should vacate and defer submission pending the California Supreme Court's decisions in

6  In re Lawrence, No. S154018 (Cal. argued June 4, 2008), and In re Shaputis, No. S155872 (Cal.

7  argued June 4, 2008) . . . ."  (Hayward July 10, 2008 Order at 1.)  On August 21, 2008, the

8  California Supreme Court issued decisions in In re Lawrence and In re Shaputis.  Recently, the

9  Ninth Circuit directed the appellant in Hayward to file supplemental briefing by October 8, 2008

10  addressing the application of these two California Supreme Court decisions to Hayward.  The

11  appellee in Hayward was directed to file a reply brief by October 29, 2008.  In light of the

12  procedural posture of the Hayward appeal, the court finds that the estimated time frame for the

13  Ninth Circuit's issuance of a mandate in Hayward is too indefinite to warrant a stay of the

14  proceedings in this matter.

15     Accordingly, the motion for a stay (docket no. 7) is DENIED.

16     On April 17, 2008, the court granted respondent an additional 45 days up to and

17  including May 26, 2008, in which to file his a responsive pleading to the order to show cause.

18  To date, no responsive pleading has been filed.

19     Within **thirty (30) days** respondent shall file with this court and serve upon petitioner an

20  answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

21  showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the

22  answer a copy of all portions of the relevant state records that have been transcribed previously

23  and that are relevant to a determination of the issues presented by the petition.

24     If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

25  court and serving it on respondent within **thirty (30) days** of the filing date of the answer.

26  Should petitioner fail to do so, the petition will be deemed submitted and ready for decision

27  thirty (30) days after the date petitioner is served with respondent's answer.  Respondent may

28  file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory

1  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such

2  a motion, petitioner shall file with the court and serve on respondent an opposition or statement

3  of non-opposition to the motion within **thirty (30) days** of the filing date of the motion, and

4  respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of

5  filing date of any opposition.

6      It is petitioner's responsibility to prosecute this case.  Petitioner must keep the court and

7  respondent informed of any change of address and must comply with the court's orders in a

8  timely fashion.  Petitioner must also serve on respondent's counsel all communications with the

9  court by mailing a true copy of the document to respondent's counsel.

10     This order terminates Docket no. 7.

11     IT IS SO ORDERED.

12  DATED: __10/15/08____                    _Ronald M. Whyte_____

13                                          RONALD M. WHYTE
                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Stay Pending Issuance of Mandate in Hayward; Setting Further Briefing Schedule
P:\PRO-SE\SJ.Rmw\HC.07\Patterson579denstay-hayward.wpd                3